# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA GREENMAN, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:18-CV-0447 |
| v. | : | |
| | : | (Judge Caputo) |
| GENE BERDANIER, et al., | : | |
| Defendants | : | |

# M E M O R A N D U M

## I. Background

On February 21, 2018, Plaintiff, Joshua Greenman, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while confined at the Schuylkill County Prison (SCP) in Pottsville, Pennsylvania. (ECF No. 1.) He names the following Schuylkill County employees as Defendants: Gene Berdanier; David Wapinski, George Halcovage, Jr., Gary Hess, William Baldwin, Frank Staudemier, Joseph Groody and Michael O'Pake. Mr. Greenman alleged that his conditions of confinement at the SCP violated his Eighth Amendment rights. (*Id.*)

On June 1, 2018, Defendants filed a motion to dismiss. (ECF No. 15.) On January 30, 2019, because the issue of administrative exhaustion was raised in Defendants' motion, in light of *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cnty.*, 728 F.3d 265 (3d Cir. 2013), the Court provided notice to the parties that it would consider the issue of exhaustion in its role as a fact finder and allow them to submit additional documents relevant to the issue. Also, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

was converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 18.) Ultimately, Defendants filed a statement of facts, supporting brief and exhibits in support of their affirmative defense that Mr. Greenman's failed to properly exhaust his conditions of confinement claims via the SCP grievance procedure. (ECF Nos. 15, 16, 19, 21 and 22.) In the interim, the Court's January 30, 2019-Order was returned as undeliverable. (ECF No. 23.) Mr. Greenman has not responded to the Defendants' motion for summary judgment nor provided the Court with a current address.

In an effort to ascertain Mr. Greenman's custodial status, the Court accessed the Victim Information and Notification Everyday portal (VINELink) which revealed that Mr. Greenman was released from SCP custody.[1] The Court also searched the Pennsylvania Department of Corrections[2] and the Federal Bureau of Prison[3] on-line Inmate Locators to determine Mr. Greenman's whereabouts. No results were provided by either website, indicating Plaintiff is not presently in state or federal custody.

II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i}f the plaintiff fails to prosecute." The United States Supreme

---

[1] Upon entering Mr. Greenman's first and last name into VINELink, https://www.vinelink.com/#/search (last accessed March 28, 2019) , it was learned that Mr. Greenman was "Out of Custody" and was currently on "Supervised Parole". No further information as to his current address was made provided.

[2] *See* http://inmatelocator.cor.pa.gov/#/Result (last accessed March 28, 2019).

[3] *See* https://www.bop.gov/inmateloc/ (last accessed March 28, 2019).

Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider, and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* unnecessary. *See McLaren v. NJ Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429 – 30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454 – 55 (3d Cir. 1994)); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors").

      The Court notes that a *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. *See* Standing Practice Order in Pro Se Plaintiff Cases, ECF No. 5; Pa. M.D. L.R. 83.18. Should a plaintiff's address change during the litigation, he is mandated to immediately inform the Court of such change, in writing. (ECF No. 5 at 4.) If the Court is unable to communicate with Plaintiff

because he failed to notify the Court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (*Id.*)

Here, Mr. Greenman has not communicated with the Court since March 8, 2018 when he filed financial documents in support of his motion to proceed *in forma pauperis*. (ECF No. 9.) On February 11, 2019, the Court's most recent correspondence to Plaintiff was returned as undeliverable. (ECF No. 23.) Mr. Greenman is no longer in custody and has failed to comply with terms set forth in the Standing Practice Order and Pa. M.D. L.R. 83.18. It is reasonable to conclude that Mr. Greenman has abandoned his lawsuit.

### III. Conclusion

Based on the foregoing, the Court will dismiss Mr. Greenman's Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 41(b) and due to his failure to comply with a court order. The Court will dismiss Defendants' motion for summary judgment (ECF No. 15) as moot.

An appropriate order follows.

**Date: March 29, 2019**  /s/ A. Richard Caputo
　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　**United States District Judge**